UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PANDORA JEWELRY, LLC,

                Movant,

-against-

BLUE TIME, INC. and SOLAR TIME, INC.,

                Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/2025

22 Misc. 238 (AT) (RWL)

**ORDER ADOPTING
REPORT AND
<u>RECOMMENDATION</u>**

ANALISA TORRES, District Judge:

    Movant, Pandora Jewelry, LLC ("Pandora"), seeks to compel Respondents, Blue Time, Inc., and Solar Time, Inc., to comply with third-party subpoenas served with leave of the U.S. District Court for the District of Maryland under Federal Rule of Civil Procedure 45. *See generally* ECF No. 1. Pursuant to the order of reference at ECF No. 23, the Honorable Robert W. Lehrburger issued a report (the "R&R") recommending that Pandora's motion be granted in part and denied in part.[1] R&R at 16, ECF No. 24. Before the Court are Respondents' timely objections to the R&R. Objs., ECF No. 25; *see also* Resp., ECF No. 26. For the reasons stated below, the Court OVERRULES Respondents' objections and ADOPTS the R&R in full.

**BACKGROUND**[2]

    Concerned that its authorized dealers may be breaching their agreements with Pandora not to sell Pandora products to unauthorized resellers, Pandora filed an action against Doe defendants in the U.S. District Court for the District of Maryland. R&R at 1–2. Pandora claimed that, although it has been able to identify which of its authorized dealers have engaged

---

[1] Although Judge Lehrburger wrote that "Pandora's motion to compel Respondents' compliance with the [s]ubpoenas should be granted," he also recommended that Respondents "not be required to respond" to the second request contained in the subpoenas. R&R at 16. The Court, therefore, construes the R&R to recommend that Pandora's motion be granted in part and denied in part.

[2] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R and therefore summarizes only the key facts here. *See* R&R at 1–4.

in "product diversion" generally, it has not yet been able to identify which of its suppliers is responsible for Pandora products winding up at Walmart specifically. *Id.* at 2–3. The Maryland court authorized Pandora to serve a third-party subpoena on Walmart to identify the suppliers providing Pandora products to Walmart. *Id.* at 3. Based on the information it received from Walmart, Pandora moved the Maryland court for leave to serve additional third-party subpoenas, this time on Respondents. *Id.*

The apparent goal of the subpoenas is to determine whether Respondents are receiving their Pandora products from any of Pandora's authorized dealers. To that end, the subpoenas request: (1) "all documents and information containing [c]ontact [i]nformation relating to [s]uppliers from whom [Respondents] have purchased Pandora [p]roducts," and (2) "sales records, invoices, account credits, or other documents related to Pandora [p]roducts [Respondents] have purchased." *Id.* In the R&R, Judge Lehrburger found that the information Pandora seeks from Respondents is "highly relevant" to Pandora's contemplated claims against its dealers for breach of contract. *Id.* at 12; *see id.* at 7–10. Judge Lehrburger further found that, even if the information sought by Pandora were considered confidential by Respondents, those concerns could be adequately addressed through a mutually agreed upon protective order, and any other burden imposed on Respondents in complying with the subpoenas does not outweigh the relevance of the information sought by Pandora. *Id.* at 10–16. Because the purpose of the second request is the same as that of the first, however, and the first is sufficient for Pandora to obtain the information it seeks, Judge Lehrburger recommended that Pandora's motion to compel compliance with the second request be denied. *Id.* at 15–16.

**DISCUSSION**

I.    Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).

When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, when a party "makes only conclusory or general objections, or simply reiterates the original arguments," the Court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order); *see also Bailey v. U.S. Citizenship & Immigr. Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) ("[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a report and recommendation for clear error." (citation omitted)). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.   Respondents' Objections

Respondents first object that the R&R did "not apply" *Alcon Vision, LLC v. Allied Vision Grp., Inc.*, No. 19 Misc. 384, 2019 WL 4242040 (S.D.N.Y. Sept. 6, 2019). Objs. at 6. Both parties briefed the *Alcon* decision before Judge Lehrburger, who considered the briefing in arriving at the conclusions recommended in the R&R. *See* Resp. at 10; R&R at 16. Accordingly, the Court construes Respondents' first objection as an effort to relitigate arguments previously raised and reviews the relevant portion of the R&R for clear error. *Harris*, 338 F. Supp. 3d at 174. The Court finds no clear error in Judge Lehrburger's conclusion that *Alcon*, an unpublished district court decision, is distinguishable. *See Exp.-Imp. Bank of Republic of China v. Cent. Bank of Liber.*, No. 15 Civ. 9565, 2017 WL 6398726, at *4 (S.D.N.Y. Dec. 13, 2017) ("[D]istrict court decisions are not treated as binding precedents, but instead serve as persuasive authority.").

To the extent Respondents' objection goes to the broader principle acknowledged in *Alcon* that courts should consider "whether [information] is available from any other source" when determining whether a subpoena causes an undue burden, the objection is without merit. *Alcon*, 2019 WL 4242040, at *1 (citation omitted). Judge Lehrburger considered Respondents' argument and rejected it on the merits, *see* R&R at 12–13, 16, and the Court is not "left with the definite and firm conviction" that any reasonable jurist would have concluded otherwise, *Easley*, 532 U.S. at 242 (citation omitted). Given that there may be numerous sellers in the chain of sale through which Pandora products wind up at Walmart, and there may also be authorized Pandora dealers engaged in product diversion of which Pandora is not aware, Respondents' conclusory assertion that Pandora could obtain the information sought simply by asking the seven potentially offending dealers it has identified is unfounded and speculative. Even if other sources for the information Pandora seeks were available, that fact is not dispositive; it is but one factor the Court

4

must balance when analyzing the weight of any undue burden relative to the strength of the information's relevance. *See, e.g.*, *Gray v. Town of Easton*, No. 12 Civ. 166, 2013 WL 2358599, at *3 (D. Conn. May 29, 2013) ("The mere availability of the documents from another source . . . does not preclude a subpoena directed to a nonparty." (citation omitted)). The Court finds no clear error in Judge Lehrburger's balancing of those factors here.

Respondents levy the general contention that Pandora is "abus[ing]" the third-party subpoena power authorized by the Federal Rules of Civil Procedure by using subpoenas "to put the entire lawful 'gray market' resale of genuine goods out of business." Objs. at 10, 14–15; *see generally id.* at 1–6, 14–17. Judge Lehrburger found that "Respondents' suggestion that Pandora acted inappropriately is baseless," R&R at 4 n.5, and the additional information supplied by Respondents in their objections do not show otherwise.[3] At base, Respondents insist that they have not violated the law in buying and reselling Pandora products and that it would be wrong to force them to hand over information about their suppliers. *See* Objs. at 10–11, 13–14, 16. The issue, of course, is not whether Respondents have violated the law, but whether they possess information that is relevant to Pandora's claim that *other* entities may have breached their agreements with Pandora, and whether it would be unduly burdensome for Respondents to produce that information. R&R at 12. Respondents' criticisms of Pandora's litigation strategy do not demonstrate that Judge Lehrburger erred in balancing those factors here.

Respondents next object to Judge Lehrburger's analysis of certain nonbinding third-party subpoena decisions that the parties briefed in connection with Pandora's motion. Objs. at 11–14. Because the objection amounts to "an attempt to engage the district court in a rehashing of the

---

[3] Respondents' request for the Court to take judicial notice of documents filed in *Wahl Clipper Corp. v. FSJ Grp. LLC*, No. 24 Misc. 473 (E.D.N.Y.), is granted. Objs. at 3.

same arguments set forth in [connection with] the original [motion]," the Court will review that R&R's analysis of the cases for clear error. *Edwards*, 414 F. Supp. 2d at 346–47 (citation omitted). As Judge Lehrburger observed, cases in which third-party subpoenas were issued to discover infringing conduct of others are persuasive despite involving a different underlying legal claim, because they demonstrate that third-party subpoenas seeking information about commercial suppliers may lawfully be enforced to discover legal violations by others. R&R at 7; *id.* at 8 n.6 ("[T]he fact that the unauthorized products [in those cases] were 'counterfeit' or 'not-for-retail-sale' does not undermine the proposition that disclosure of supplier information is appropriate when needed to identity the source of entities selling goods in alleged violation of the requesting party's rights."). That conclusion is not clearly erroneous.

Respondents also object to the R&R's recommendation concerning Pandora's second request. Objs. at 15. According to Respondents, "[t]his portion of the R[&]R is inconsistent with the recommendation as to the first request." *Id.* The Court disagrees. Judge Lehrburger's conclusion that the second request is largely duplicative of the first is not inconsistent with his conclusion that the first request is enforceable. In complying with the first request, Respondents may be required to produce documents containing information within the scope of the second request. R&R at 16. That does not insulate the otherwise responsive document from disclosure under the first request. As long as a document falls within the scope of the first request, it must be produced.

To mitigate Respondents' concerns regarding the confidentiality of their suppliers, Judge Lehrburger recommended that the Court order the parties to propose a protective order prohibiting disclosure of suppliers' information to third parties other than Pandora or its counsel, and limiting Pandora's use of the information to its prosecution of the Maryland action. R&R at 13.

Respondents seek a protective order that will "prevent Pandora from using information from Respondents to sue Respondents." Objs. at 14–15. Because there is no indication that Pandora has contractual agreements with Respondents, and the Maryland action is limited to Pandora's pursuit of breach-of-contract claims against its dealers, the Court agrees with Judge Lehrburger that a protective order limiting Pandora's use of the information obtained from Respondents to prosecution of the Maryland action is sufficient to allay Respondents' concerns.

Finally, Respondents request that the Court sanction Pandora for failing to "take reasonable steps to avoid imposing undue burden or expense" on Respondents. Objs. at 16–17 (quoting Fed. R. Civ. P. 45(d)(1)). The Court need not consider this request, which was raised for the first time in Respondents' objections and could have been raised before Judge Lehrburger. *See United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019). In any event, because Pandora has taken reasonable steps to avoid imposing undue burden or expense on Respondents for the reasons stated, the request is denied.

The Court has reviewed the remainder of Judge Lehrburger's thorough and well-reasoned R&R for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Respondents' objections to the R&R and ADOPTS the R&R in full. By **March 10, 2025**, the parties shall jointly propose a protective order consistent with this order and Judge Lehrburger's R&R.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 1.

SO ORDERED.

Dated: February 15, 2025
       New York, New York

ANALISA TORRES
United States District Judge