USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/11/2025___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

PANDORA JEWELRY, LLC,

                Petitioner,

v.                                                Case No.: 1:22-mc-00238-AT-RWL

BLUE TIME, INC., et al.                          **AGREED PROTECTIVE ORDER**

                Respondents.
-----------------------------------------------------------

The Court enters the following Protective Order governing the disclosure of Confidential Discovery Material by a Producing Party to a Receiving Party in this Proceeding.

1.    **Definitions**. As used in this Order:

    a.    "Proceeding" refers to the above-captioned proceeding.

    b.    "Discovery Material" includes all information exchanged between the parties in this Proceeding. Discovery Material includes information within documents and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents including disclosures pursuant to this Court's February 15, 2025 Order (ECF No. 27), to the extent it ordered disclosure by Respondents of "contact information" for their "suppliers" of Pandora products as specified in response to Petitioner's Subpoena to each Respondent.

    c.    A "Producing Party" is a party to this Proceeding that produces Discovery Material in this Proceeding.

    d.    A "Receiving Party" is a party to this Proceeding that receives Discovery Material from a Producing Party in this Proceeding.

2.    **Confidential Discovery Material**. This Protective Order applies to all Confidential Discovery Material produced or obtained in this Proceeding. For the purposes of this Protective Order, Confidential Discovery Material shall include the information subject to disclosure pursuant to the Court's February15, 2025 Order (ECF No. 27).

3.    **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in

this Proceeding.

a.   For documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

b.   If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (*e.g.*, by using highlighting, underlining, or appropriate markings in the margins).

c.   If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is confidential.

4.   **Qualified Recipients**. For the purposes of this Protective Order, the persons authorized to receive Confidential Discovery Material (hereinafter "Qualified Recipient") are:

a.   The Parties to the above-captioned Proceeding, including any members, officers, board members, directors, or employees who have a need to know the information for the performance of their duties for the Party, and who have first been advised of the terms of this Protective Order and agreed to be bound by it; for avoidance of doubt, Confidential Discovery Material produced by Blue Time Inc. remains confidential as to, and may not be shared with, Solar Time Inc., and vice versa, absent any applicable exception set forth in Paragraph 5 below;

b.   Legal counsel representing the parties in this Proceeding and the Maryland Proceeding, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or provide messenger or other administrative support services, provided that the legal counsel engaging them have first advised them of the terms of this Protective Order and obtained their agreement to comply with same; and

c.   The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, including persons operating video recording equipment.

5.   **Limitations on Use**. Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, and shall be used only in connection with (a) this Proceeding or (b) the underlying litigation, *Pandora Jewelry, LLC v. John Does 1-10*, Docket No. 1:21-cv-02973 (D. Md.) ("Maryland Lawsuit"). For the avoidance of doubt, the Receiving Party shall be entitled to use, but not disclose to persons who are not Qualified Recipients as defined herein, such Confidential Discovery Material for the purpose of substituting any named entity for any John Doe defendant in the Maryland Lawsuit and for purposes of discussing

2

breaches of contracts, if any, with entities or persons with whom the Receiving Party has a written contract.

Discovery Material designated as "CONFIDENTIAL" shall not be disclosed to any person who is not a Qualified Recipient, e.g., not to an entity which becomes a named defendant in place of a John Doe defendant in the Maryland Lawsuit, unless so ordered by this Court or the Maryland Court, on an application to make such disclosure made on written notice to the Producing Party's counsel at least 21 days prior to said application. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

Nothing herein prevents the Receiving Party from contacting or otherwise taking action against the supplier or suppliers identified in the Discovery Material for purposes other than this Proceeding or the Maryland Lawsuit if the identities of or information about the supplier(s) (i) are already known to the Receiving Party prior to receiving the Discovery Material, or (ii) are independently learned by the Receiving Party subsequent to production of the Discovery Material in a manner that did not breach this Protective Order.

6. **Docket Filings**. A party seeking to file documents containing confidential Discovery Material under seal must comply (a) with this Court's rules and electronic docketing procedures for filing motions for leave to file under seal if filed in this Proceeding, or with the District of Maryland's rules for filing motions for leave to file under seal if filed in the Maryland Lawsuit.

7. **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument but only in this Proceeding or in the Maryland Lawsuit and only after written notice to the Producing Party's counsel given at least 21 days before said offer in evidence. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

8. At the conclusion of this Proceeding and the Maryland Lawsuit, the Parties will take reasonable efforts to destroy all material designated Confidential in accordance with this Protective Order, and must certify the same in writing within 30 days of such conclusion.

9. **Modification**. This Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

10. **Jurisdiction**. This Court shall retain jurisdiction over all persons subject to this Protective Order

3

to the extent necessary to enforce any obligations arising hereunder.

**SO ORDERED:**

Dated: <u>March 11, 2025</u>
        New York, New York

_____
ANALISA TORRES
United States District Judge

AGREED AND APPROVED BY:

<u>/s/  Terence W. McCormick</u>
Terence W. McCormick
Mintz & Gold
600 Third Avenue 25th Floor
New York, NY 10016
 (212) 696-4848
mccormick@mintzandgold.com

<u>/s/ Martha Brewer Motley</u>
Martha Brewer Motley
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
(614) 464-5626
mbmotley@vorys.com
*Attorneys for Movant, Pandora Jewelry, LLC*

<u>/s/ Felicity Kohn</u>
William Thomashower, Of Counsel
Felicity Kohn
Pryor Cashman LLP
7 Times Square
New York, New York 10036
(212) 326-0811
wthomashower@pryorcashman.com
docketing@pryorcashman.com
*Attorneys for Respondents,*
*Blue Time, Inc.*
*Solar Time, Inc.*