UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PANDORA JEWELRY, LLC,                                       :
                                                            :
                        Movant,                             :
                                                            :        22-MC-238 (AT) (RWL)
            v.                                              :
                                                            :        **ORDER**
BLUE TIME, INC. and SOLAR TIME, INC.,                      :
                                                            :
                        Respondents.                        :
                                                            :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Pending before the Court is Movant's motion to compel compliance with subpoenas issued pursuant to Federal Rule of Civil Procedure 45 ("Rule 45").

## Background

On February 15, 2025, the Court granted the motion of Pandora Jewelry, LLC ("Pandora") to enforce subpoenas pursuant to Rule 45 (the "First Subpoenas") against Respondents Blue Time, Inc. ("Blue Time") and Solar Time, Inc. ("Solar Time") (collectively, "Respondents").[1]  The First Subpoenas pertain to an action Pandora filed against John Doe defendants in the Northern District of Maryland alleging breach of contract by authorized Pandora jewelry dealers who have been selling authentic Pandora goods to unauthorized resellers in violation of the dealers' contracts with Pandora (the "Maryland Action").  In order to identify the John Doe defendants, Pandora issued the

---

[1] This Court issued a Report and Recommendation on February 14, 2024. (Dkt. 24.) Blue Time and Solar Time filed objections.  (Dkt. 25).  The District Judge overruled the objections and adopted the Report and Recommendation on February 15, 2025.  (Dkt. 27.)

First Subpoenas to Respondents requesting information about the sources from which the resellers acquired their Pandora products.

The First Subpoenas issued in April 2022 and identified the return date as May 10, 2022. (Dkt. 37-2.) They called for production of supplier and sales information from January 1, 2020 "through the present." Respondents objected to complying with the First Subpoenas, asserting that Pandora issued the Subpoenas for an improper pre-textual purpose; that the First Subpoenas sought sensitive confidential information; and that the First Subpoenas were overbroad and unduly burdensome. The Court granted Pandora's motion to compel compliance but narrowed the discovery requested by the Subpoenas – not as to time frame, but rather the scope of materials to be produced.[2]

On March 11, 2025, the Court entered a protective order governing production of confidential information. (Dkt. 30.) On March 14, 2025, Respondents produced supplier information through May 10, 2022, in response to the First Subpoenas. (Dkt. 37 ¶ 6.) Pandora found the production lacking and requested Respondents to produce responsive documents through the time that Respondents produced the documents in 2025. (Dkt. 37 ¶¶ 6-7.) Respondents refused. (Dkt. 37 ¶ 9.)

Seeking to avoid a second motion to compel, Pandora instead filed a motion seeking leave from the district court in the Maryland Action (the "Maryland Court") to serve additional subpoenas on Respondents (the "Second Subpoenas") to "ensure that

---

[2] The Court essentially limited the scope of production to documents identifying Respondents' suppliers of Pandora products. With respect to time frame, the Court observed that January 1, 2020 through the present "appears to be an appropriate time period given the time frame of the events alleged" and that "Respondents have not argued for any different or shorter time period." (Dkt. 24 at 14-16.)

[Respondents] have not used the passage of time to secure yet additional Pandora sources as they continue to unlawfully sell Pandora products." (Dkt. 37-4 at ECF 5-6.) The Maryland Court granted the motion. (Dkt. 37-4 at ECF 47.) Pandora served the Second Subpoenas on July 7 and 9, 2025. (Dkt. 37 ¶ 11.) The Second Subpoenas included only a single request (conforming with the modification in scope ordered by the Court in connection with the First Subpoenas) with a time period identical to that of the First Subpoenas – "January 1, 2020 through the present" – and a return date of July 21, 2025. (Dkt. 37-5.) Respondents served objections on July 21, 2025. (Dkt. 37 ¶ 12 and Dkt. 37-6.) The parties met and conferred without resolving the matter, prompting Pandora to file the instant second motion to compel that it had sought to avoid.

## Legal Standards

Rule 45 permits a party to command a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). "Motions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26." *Delta Air Lines, Inc. v. Lightstone Group, LLC*, No. 21-MC-374, 2021 WL 2117247, *2 (S.D.N.Y. May 24, 2021); *see also Ambac Assurance Corp. v. U.S. Bank National Association*, No. 17-CV-2614, 2020 WL 526404, *2 (S.D.N.Y. Feb. 3, 2020). Parties thus may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

However, the issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

"Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the documents, the time period covered by it, the particularity with which the documents are described and the burden imposed."  *In re Terrorist Attacks*, 523 F. Supp.3d 478, 489 (S.D.N.Y. 2021) (citing *Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03-CV-1382, 2003 WL 23018833, *8 (S.D.N.Y. Dec. 23, 2003)).

A party who has properly served a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(i).  The Court "has wide latitude to determine the scope of discovery." *Broidy Capital Management LLC v. Benomar*, 944 F.3d 436, 446 (2d Cir. 2019) (citation omitted).  Accordingly, "[m]otions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the district court."  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks omitted) (citing *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir.2000)); *see also In re Terrorist Attacks*, 523 F. Supp.3d at 489 ("The trial court has broad discretion to determine whether a subpoena imposes an undue burden").

### Discussion

The principal point of contention on the instant motion is whether Respondents are required to produce documents beyond May 10, 2022, the return date of the First Subpoenas and, if so, to what date.  Pandora contends that the time period denoted in the First Subpoenas – "through the present" – obligated Respondents to produce documents dated through the time of production.  Thus, when Respondents produced documents on March 14, 2025, their production should have included responsive

4

documents through that time, not just through May 10, 2022.    Pandora further argues that, in any event, Respondents are required to produce documents pursuant to the Second Subpoenas.  As the Second Subpoenas also call for documents "through the present," Respondents are required to provide documents up to the date of their production in response to the Second Subpoenas.  In opposition, Respondents argue that the First Subpoenas' instruction to produce documents "through the present" necessarily equated to the return date of the subpoena, May 10, 2022.  Additionally, Respondents object to the Second Subpoena as encompassing an irrelevant time frame, serving as a pretext, and having been obtained by misleading the Maryland Court.

Neither Pandora nor Respondents have cited any case addressing the meaning of "through the present" or its equivalent in a Rule 45 subpoena.  Instead, Respondents cite to cases, which Pandora distinguishes, that address subpoenas issued well after a third-party has already complied with an earlier subpoena, and whether a third-party has a continuing duty to supplement production (which it does not).[3]  The instant case does not fit squarely with either scenario.  As Pandora asserts, Respondents should not be able to "hide behind the passage of time during the First Motion to Compel [compliance with the First Subpoenas] to avoid producing information 'through the present' when ordered to do so by this Court in March 2025."  (Dkt. 38 at 10.)  On the other hand, "through the present" is ambiguous – does it refer to the date the subpoena issued?  The date it was served?  The return date of the subpoena?  The date a court compelled production?  The date of production in response to the subpoena, regardless of the return date?

---

[3] *See* Dkt. 43 at 10 (citing *Discover Financial Services, Inc. v. Visa U.S.A., Inc.*, No. 04-CV-7844, 2006 WL 8460949, at *2 n.1 (S.D.N.Y. Aug. 3, 2006); *Leaks v. Target Corp.*, No. CV414-106, 2015 WL 4092450, at *2 n.3 (S.D. Ga. July 6, 2015).)

The Court need not resolve that ambiguity in the First Subpoenas.  The Maryland Court, which has jurisdiction over the case to which the First and Second Subpoenas pertain, granted leave to Pandora to serve the Second Subpoenas to obtain records beyond May 10, 2022.  There is no reason for this Court to second guess the Maryland Court, nor should it.  Respondents assert that Pandora obtained leave deceptively and that Pandora sought the Second Subpoenas in bad faith.  The Court does not agree. Pandora informed the Maryland Court of the issue in dispute and why Pandora sought the additional documents.  (*See* Dkt. 37-4.)  Respondents fault Pandora for not providing notice of the motion to Respondents, but, as Respondents are non-parties to the Maryland Action, there was no requirement to do so, and Respondents do not cite any authority suggesting otherwise.

The same ambiguity remains, however, in the Second Subpoenas which also request relevant documents "through the present."  (Dkt. 37-5 at ECF 6, 11.) Pandora again interprets "through the present" as requiring Respondents to produce all responsive documents through the yet-to-occur date of production.  (Dkts. 38 at 6, 46 at 2.)  Respondents interpret the Second Subpoenas, like the First Subpoenas, as seeking documents through only the stated return date, July 21, 2025.  (Dkt. 43 at 8.)  To avoid further dispute on this point, the Court modifies the Second Subpoenas' timeframe to have the definitive end-date of **July 21, 2025**.[4]  The Court does so because Pandora, as the drafter of the subpoenas, could have used more definite language and – given

_____

[4] The Court's modification should not be understood as adopting Respondents' interpretation of "through the present."

Respondents' position in regard to the First Subpoenas – should have resolved the ambiguity in the Second Subpoenas.

Additionally, Respondents contend that the Second Subpoenas are overbroad and seek irrelevant information.  They posit that the Maryland case is solely focused on Walmart and its suppliers, not other sources and suppliers of unauthorized Pandora products.  Not so.  The complaint in the Maryland Action mentions Walmart in particular as an unauthorized reseller, but it expressly encompasses "Walmart and other Unauthorized Resellers."  (*See, e.g.*, Dkt. 37-1 ¶¶ 24, 28, 29, 32.)   Respondents also recycle arguments from their opposition to the first motion to compel; namely, that Respondents' resale activity is lawful and that the Maryland Action is merely a pretext for Pandora to conduct "business surveillance."  (Dkt. 43 at 8.)  The Court previously rejected those arguments as a basis to deny compliance with the First Subpoenas and finds them no more persuasive here.  (Dkt. 24 at 8-9.)

To the extent not discussed above, the Court has considered Respondents' arguments and found them to be either moot or without merit.

## Conclusion

For the foregoing reasons, Pandora's motion at Dkt. 36 to compel compliance by Blue Time and Solar Time is granted with modification:  to the extent they have not already done so, Respondents shall produce responsive documents through July 21, 2025.  Respondents shall produce the documents by **December 1, 2025**.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 36.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 18, 2025
        New York, New York