**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PANDORA JEWELRY, LLC, | 1:22-mc-00238-AT |
| Movant, | *Related to Civil Action No.* *1:21-cv-02973-SAG (D. Md.)* |
| v. | |
| BLUE TIME, INC. and SOLAR TIME, INC., | **MOVANT'S RESPONSE TO RESPONDENTS' OBJECTIONS TO RECOMMENDATION OF <u>MAGISTRATE JUDGE</u>** |
| Respondents. | |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. iii

I.    BACKGROUND ................................................................................................................2

    A.    Pandora's Underlying John Doe Lawsuit ..................................................................2

    B.    The First Subpoenas, First Motion to Compel, First Report and
        Recommendation Granting the Motion, and District Court Order Adopting
        it in Full ........................................................................................................................3

    C.    Respondents' Deficient Productions, the Second Subpoenas, Second
        Motion to Compel, and Second Report and Recommendation Granting the
        Second Motion .............................................................................................................3

II.   STANDARD OF REVIEW ..............................................................................................5

III.  ARGUMENT .....................................................................................................................6

    A.    Respondents' Previously Litigated Objections and Objections That Merely
        Restate Their Second Opposition Warrant Only Review for Clear Error ..............6

        1.    Respondents' objections that they fully complied with the First
            Subpoenas (Section B of the Objections) are conclusory and
            generalized, and simply restate their Second Opposition ...........................6

        2.    Respondents' objections to the Maryland Court's decision to
            permit the Second Subpoenas (Section C) ignore Judge
            Lehrburger's well-reasoned analysis and merely repeat their
            arguments in their Second Opposition .........................................................7

        3.    Respondents' arguments that the John Doe Lawsuit provides for
            "ad infinitum" discovery (Section D) ignore Judge Lehrburger's
            well-reasoned analysis and merely repeat their arguments in their
            Second Opposition .........................................................................................9

        4.    Respondents' non-Alcon-related relevance objections (Section E)
            ignore Judge Lehrburger's well-reasoned analysis and merely
            repeat their arguments in their Second Opposition ...................................10

    B.    Respondents' Objections That Were Not Raised to Judge Lehrburger in
        Their Second Opposition Should Be Disregarded ..................................................12

         1.    Respondents' relevance arguments based on the Alcon case
            (Section E) should be disregarded .............................................................12

2.  Respondents' requests for relief against Pandora (pages 20-21 of their Objections) should be disregarded ..................................................12

3.  Respondents' arguments regarding unrelated cases involving Pandora's counsel (Section F) should be disregarded ...............................14

IV.  CONCLUSION...............................................................................................................15

CERTIFICATE OF COMPLIANCE...........................................................................................17

CERTIFICATE OF SERVICE ....................................................................................................17

ii

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Alcon Vision, LLC v. Allied Vision Grp., Inc.*, No. 19 Misc. 384 (AT), 2019 U.S. Dist. LEXIS 152073 (S.D.N.Y. Sept. 6, 2019).................................................. 11, 12, 13

*Ammex Corp. v. John Does 1-10*, 23 Civ. 01411 (W.D. Wash.) ................................................. 15

*Barkai v. Neuendorf*, No. 21-CV-4060 (KMK), 2024 U.S. Dist. LEXIS 29634 (S.D.N.Y. Feb. 21, 2024)................................................................................................. 16

*Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326 (S.D.N.Y. 2018)................................... 16

*Easley v. Cromartie*, 532 U.S. 234 (2001)...................................................................................... 5

*Farsura v. QC Terme United States Corp.*, No. 21 Civ. 9030 (AT) (RWL), 2023 U.S. Dist. LEXIS 116314 (S.D.N.Y. July 5, 2023) ....................................................... 5

*Morgan Art Found. Ltd. v. McKenzie*, No. 1:18-cv-04438 (JLR) (BCM), 2025 U.S. Dist. LEXIS 171573 (S.D.N.Y. Sept. 3, 2025)....................................... 11, 13, 16

*Ortiz v. Barkley*, 558 F. Supp. 2d 444 (S.D.N.Y. 2008) ............................................................. 14

*Prepaid Ventures, Ltd. v. Compton*, No. 18-cv-2102 (DLI) (SJB), 2023 U.S. Dist. LEXIS 53363 (E.D.N.Y. March 28, 2023) ................................................................... 14

*Rivera v. Salomon Smith Barney, Inc.*, No. 01 Civ. 9282 (RWS), 2002 U.S. Dist. LEXIS 17877 (S.D.N.Y. Sept. 20, 2002) ............................................................... 15

*Santiago v. City of N.Y.*, No. 15-CV-517 (NGG) (RER), 2016 U.S. Dist. LEXIS 132376 (E.D.N.Y. Sept. 26, 2016)................................................................................... 6

*Struck v. Yida GAO*, No. 2:22-cv-02415-SPG-MAA, 2023 U.S. Dist. LEXIS 111857, 31 (C.D. Cal. March 15, 2023) ................................................................... 14

*Subramanian v. Lupin Inc.*, No. 17-CV-5040 (RA), 2020 U.S. Dist. LEXIS 191415 (S.D.N.Y. Oct. 15, 2020) ....................................................................... 10

*United States v. Gladden*, 394 F. Supp. 3d 465 (S.D.N.Y. 2019)................................................ 5

*Wahl Clipper Corp. v. FSJ Group LLC*, 24-mc-00473 (E.D.N.Y.)...................................... 15, 16

*Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 U.S. Dist. LEXIS 85254 (S.D.N.Y. June 20, 2014)............................................................ 5

Respondents' Objections to Judge Lehrburger's Report and Recommendation are just another in a string of delay tactics designed to ratchet up the cost of litigation and avoid simply complying with a straightforward subpoena.  Specifically, all of Respondents' Objections fall into one of four categories: (1) regurgitation of issues and arguments decided by this Court on the first motion to compel earlier this year, (2) mere restatement of arguments in their opposition brief to the second motion to compel and general, conclusory disagreement with Judge Lehrburger's and this Court's prior findings, (3) new arguments that were **not** raised to Judge Lehrburger on Pandora's second motion to compel and are therefore waived, and (4) speculative, baseless, and *ad hominem* assertions against Pandora and its counsel.  Respondents end with a bang, newly and inexplicably requesting sanctions against Pandora and seeking materials covered by the attorney-client privilege from **Pandora's undersigned counsel**.  Few of Respondents' objections directly address specific findings in the R&R, and those that do merely reiterate arguments already considered and rejected by both Judge Lehrburger and this Court.  As a result, this Court should disregard many of Respondents' Objections entirely, and review the few remaining others only for clear error.

Respondents are playing a delay game, and they know it works.  They go to great lengths to conceal information about their suppliers of Pandora products—hiding behind the passage of time while the first motion to compel in this case was pending, unjustifiably refusing to comply with the second subpoenas authorized by a federal court, attempting to relitigate issues already decided by this Court, and skirting the law regarding the proper scope of objections to an R&R. But even worse, Pandora believes that, while matters in this case are pending, Respondents continue to acquire Pandora products from sources who are breaching their contracts with Pandora. And Respondents, despite having multiple opportunities to do so since service of the Second

1

Subpoenas, **do not dispute this fact**. They know that the longer they tie this matter up in Court, the older the Second Subpoenas get, and the longer they can continue to acquire Pandora products while the matter is pending without having to disclose that source information. Indeed, even if this Court were to adopt this R&R in full today, Respondents would be able to conceal nearly five months' worth of supplier information (from July 21, 2025 to today). Respondents make no specific objections to Judge Lehrburger's findings and provide nothing showing Judge Lehrburger committed clear error. Just like last time, this Court should overrule Respondents' Objections and adopt the Second R&R in full.

## I.    BACKGROUND

### A.    Pandora's Underlying John Doe Lawsuit

As the Court will recall from several rounds of briefing, Pandora has contracts with its authorized sellers ("Pandora Dealers") that require them to follow robust quality control and customer service requirements and forbid them from selling Pandora products to unauthorized resellers, who do not follow these same requirements (the "Pandora Contracts"). (Dkt. 24, the "First R&R" at 2.) When Pandora Dealers sell products to unauthorized resellers, they are in blatant breach of their contracts and Pandora is able to obtain legal redress only by suing the authorized sellers for breach of contract. *Id.*

In 2021, when Pandora discovered its products being sold on the online marketplace www.walmart.com ("Walmart"), it filed an underlying breach of contract lawsuit in the U.S. District Court for the District of Maryland ("Maryland Court"), at Case No. 1:21-cv-02973-SAG against unknown John Doe defendants who are diverting Pandora products in violation of their contracts with Pandora to Walmart and others (the "John Doe Lawsuit"). *Id.* at *3. Pandora then subpoenaed Walmart, which identified Respondents as its suppliers of Pandora products. *Id.* at

2

*3-4. Respondents are <u>unauthorized</u> resellers of Pandora products who are profiting from Pandora Dealers' breaches of contract by acquiring Pandora products from those Dealers, *id.* at *3, 13.

> **B.   The First Subpoenas, First Motion to Compel, First Report and Recommendation Granting the Motion, and District Court Order Adopting it in Full**

With leave from the Maryland Court, Pandora served subpoenas on Respondents seeking their suppliers of Pandora products so that Pandora can pursue the claims in its John Doe Lawsuit (the "First Subpoenas"). On August 25, 2022, Pandora filed a motion to compel (Dkts. 4-5, the "First Motion") after Respondents refused to comply with the First Subpoenas. Magistrate Judge Lehrburger recommended the First Motion be granted in a thorough report and recommendation (the First R&R), and this Court adopted the First R&R in full after overruling Respondents' objections in February 2025. (Dkts. 24 (the "First Objections"), 27 (the "Order" adopting the First R&R in full).)

This Court ordered Respondents to comply with the First Subpoenas, which sought "all documents and information containing Contact Information relating to Suppliers from whom You have purchased Pandora Products" from January 1, 2020 through the present (Order at 7.) While the First Motion to Compel was pending, Respondents continued to acquire and resell Pandora products, the Maryland John Doe Lawsuit remained active, Pandora Dealers continued to breach their contracts with Pandora by supplying Respondents, and Pandora remained unable to identify them to enforce its contractual rights and pursue its claims. (Second Motion at 3, 5.)

> **C.   Respondents' Deficient Productions, the Second Subpoenas, Second Motion to Compel, and Second Report and Recommendation Granting the Second Motion**

On March 14, 2025, Respondents produced supplier information in response to the First Subpoenas, but only information through May 10, 2022. (Second R&R at 2.) Respondents took

3

the position that they were not obligated to produce supplier information after May 10, 2022 because "the present" refers to the return date in the First Subpoenas. (*Id.* at 2, 4-5.) Pandora took the position that "the present" refers to the date when Respondents were compelled to respond, as three years had passed since the return date before Respondents ever complied with the First Subpoenas. (*Id.*)

In an effort to avoid further delay and motions practice in this Court, Pandora sought leave from the Maryland Court to serve a second set of subpoenas on Respondents (the "Second Subpoenas") seeking the same supplier information (the "Third Motion for Leave"), which the Maryland Court granted. (Second R&R at 2-3.) On July 7 and July 9, 2025, Pandora served the Second Subpoenas, requesting exactly the same information this Court ordered Respondents to produce, with a time period of January 1, 2020 through the present to account for the delay caused by Respondents' improper refusal to comply with the First Subpoenas in 2022. (*Id.* at 3.)

Respondents refused to comply with the Second Subpoenas, forcing Pandora to file the Second Motion to Compel. Respondents opposed the Second Motion (Dkts. 43-44, the "Second Opposition"). Judge Lehrburger rejected Respondents' arguments in full and ordered them to produce information through July 21, 2025 (the return date of the Second Subpoenas), in a well-reasoned opinion that this Court ruled it would treat as a report and recommendation (Dkt. 48, the "Second R&R"; Dkt. 54.)

As discussed throughout this brief, in reaching each of his conclusions in the Second R&R, Judge Lehrburger again made specific findings about the Maryland Court's order granting the Third Motion for Leave, the scope of the John Doe Lawsuit Complaint, and the relevance of and need for the Second Subpoenas, after analyzing and rejecting Respondents' arguments and considering the parties' case citations. The findings in the R&R are well-reasoned, organized, and

thorough.  The Court also stated that "[t]o the extent not discussed above, the Court has considered the parties' arguments and found them to be either moot or without merit."  (Second R&R at 7.)

## II.    STANDARD OF REVIEW

When a party, like Respondents, "'makes only conclusory or general objections, or simply reiterates [their] original arguments,' the court reviews the R&R strictly for clear error." *Farsura v. QC Terme United States Corp.*, No. 21 Civ. 9030 (AT) (RWL), 2023 U.S. Dist. LEXIS 116314, *3 (S.D.N.Y. July 5, 2023) (quoting *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 U.S. Dist. LEXIS 85254, *4 (S.D.N.Y. June 20, 2014)).  Clear error only exists if the district court is "left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

However, where a party raises new arguments or case law, as Respondents have here, the district court must disregard those arguments.  *Farsura*, 2023 U.S. Dist. LEXIS 116314, at *3 (quoting *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (holding district judge "will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not"); *Santiago v. City of N.Y.*, No. 15-CV-517 (NGG) (RER), 2016 U.S. Dist. LEXIS 132376, *3-4 (E.D.N.Y. Sept. 26, 2016) (explaining courts "'ordinarily refuse to consider arguments, case law and/or evidentiary material" raised for first time in objections to report and recommendation).

## III.    ARGUMENT

### A.    Respondents' Previously Litigated Objections and Objections That Merely Restate Their Second Opposition Warrant Only Review for Clear Error.

> 1.    *Respondents' objections that they fully complied with the First Subpoenas (Section B of the Objections) are conclusory and generalized, and simply restate their Second Opposition.*

The entirety of Respondents' Section B of the Objections is their argument that they complied with the First Subpoenas (which they unquestionably did not) because "the present" means the return date on the subpoenas. (Objections at 8-9.) Judge Lehrburger explicitly rejected this argument. (Second R&R at 6 n. 4 ("The Court's modification should not be understood as adopting Respondents' interpretation of 'through the present.'").) Rather than make a specific objection to this finding, Respondents merely restate their arguments from their Second Opposition, and therefore Section B warrants only clear error review. Respondents even **admit** that the Second R&R already addressed this issue, but nonetheless "for the convenience of the Court, Respondents briefly reiterate the controlling law on that point." (Objections at 8-9.) This is simply a veiled attempt to get this Court to review the Second R&R and Respondents' cited cases *de novo* despite regurgitating the same arguments previously raised and rejected by the Court.

Respondents' description of their case law in their Second Opposition regarding the meaning of "the present" as "controlling law" also ignores the Second R&R. As Judge Lehrburger noted, the meaning of "through the present" in this situation "does not fit squarely within" the scenarios in any of the cases cited by the Parties in the Second Motion. (Second R&R at 5.) In other words, Judge Lehrburger found that **neither party** cited controlling law. As Judge Lehrburger explained, Respondents' case citations "address subpoenas issued well after a third-party has already complied with an earlier subpoena, and whether a third-party has a continuing

6

duty to supplement production (which it does not)." (Second R&R at 5.) Ignoring this, Respondents call them "controlling law" and ask this Court to consider them anyway, without identifying any reason why Judge Lehrburger's review of them was error. There is no basis for *de novo* review of these cases, and no argument that Judge Lehrburger's review was clear error.

> 2. *Respondents' objections to the Maryland Court's decision to permit the Second Subpoenas (Section C) ignore Judge Lehrburger's well-reasoned analysis and merely repeat their arguments in their Second Opposition.*

Respondents object that Judge Lehrburger erred by deferring to the Maryland Court's decision to permit Pandora to serve the Second Subpoenas. But their Objections merely restate their arguments in their Second Opposition, all of which boil down to simple disagreement with the Maryland Court's decision but no basis for showing that it or Judge Lehrburger committed any error. Specifically, Respondents argued and object that Pandora misled the Maryland Court in obtaining the Second Subpoenas. (Second Opp. at 6-7; Objections at 9-10.) Judge Lehrburger rejected these arguments and found that:

> There is no reason for this Court to second guess the Maryland Court, nor should it. Respondents assert that Pandora obtained leave deceptively and that Pandora sought the Second Subpoenas in bad faith. The Court does not agree. Pandora informed the Maryland Court of the issue in dispute and why Pandora sought the additional documents. (*See* Dkt. 37-4 [Pandora's motion for leave to serve the Second Subpoenas].) Respondents fault Pandora for not providing notice of the motion to Respondents, but, as Respondents are non-parties to the Maryland Action, there was no requirement to do so, and Respondents do not cite any authority suggesting otherwise.

Respondents' mere restatement of prior arguments warrants only clear error review, and Judge Lehrburger's analysis is reasoned and thorough, even citing to Pandora's Third Motion for Leave in the Maryland Court, showing that Judge Lehrburger reviewed the complete briefing and exhibits.

Just as they did in their Second Opposition, to support their false argument that Pandora mislead the Maryland Court, Respondents misstate Pandora's Third Motion for Leave. For example, Respondents claim Pandora "did not disclose [to the Maryland Court] that Respondents had already produced precisely what Plaintiff requested – supplier information for Pandora products from January 1, 2020, through May 10, 2022 (the return date of the First Subpoenas), not limited to sales to Walmart." (Objections at 9.) Respondents also claim "Pandora falsely told the Maryland court that Respondents production was 'very stale' and 'not helpful.'" (*Id.*) In reality, Pandora made it very clear to the Maryland Court that the Parties disputed the meaning of "the present" in the First Subpoenas, Respondents produced information only through 2022 (three years prior) based on its belief about "the present," and, objectively, the information was stale as it <u>was</u> three years old. (Second Motion, Ex. D, at 5.) Pandora clearly explained the dispute about Respondents' productions.

In the Objections, Respondents also claim Pandora "misrepresented to the Maryland Court that this Court had already determined that Respondents were required to produce information through 2025." (Objections at 9-10.) In reality, Pandora notified the Maryland Court that Pandora's First Motion to Compel had been decided on February 15, 2025, that the First Subpoenas sought information "through the present," and that Pandora interpreted "the present" as February 15, 2025, but Respondents disagreed. (Second Motion, Ex. D., at 5, 7-8.) Again, Pandora clearly explained the dispute to the Maryland Court. Pandora did not once assert that this Court ordered production of information "through 2025," and it provided its Third Motion for Leave for Judge Lehrburger's review.

As Judge Lehrburger found, Pandora was truthful with the Maryland Court and "informed the Maryland Court of the issue in dispute" and why it needed the Second Subpoenas. (Second

8

R&R at 6.)  It was not error for Judge Lehrburger to defer to the Maryland Court's decision to permit Pandora to serve the Second Subpoenas.

> 3.     *Respondents' arguments that the John Doe Lawsuit provides for "ad infinitum" discovery (Section D) ignore Judge Lehrburger's well-reasoned analysis and merely repeat their arguments in their Second Opposition.*

Section D of Respondents' Objections simply regurgitates the arguments from their Second Opposition that Pandora is improperly keeping the John Doe Lawsuit open solely for the purpose of "using it as a vehicle for issuing yet more subpoenas to Respondents . . . ."  (Objections at 11.)  Respondents also assert Judge Lehrburger "overlooked Pandora's silence . . . as to whether the supplier information produced by Respondents in March 2025 included any authorized dealers" and "how [Pandora] used that information."  (Objections at 10-11.)  This is incorrect; Judge Lehrburger did not overlook anything.  He made it clear in the Second R&R that any arguments not discussed were considered and found to be "either moot or without merit," as magistrate judges are permitted to do.  *See Subramanian v. Lupin Inc.*, No. 17-CV-5040 (RA), 2020 U.S. Dist. LEXIS 191415, *9 (S.D.N.Y. Oct. 15, 2020) (explaining that "a magistrate judge need not mention every single assertion raised by a party when ruling on its motion").  Indeed, nothing in the First R&R, this Court's Order, or the Maryland Court's orders require Pandora to explain how it has used the incomplete information Respondents produced.  That information would be highly confidential and likely privileged and protected as related to the underlying John Doe Lawsuit.  Judge Lehrburger committed no error in rejecting these arguments.

Although Respondents argue the John Doe Lawsuit is a pretext for promoting unending discovery, as Pandora argued in the Second Motion, Respondents' actions caused the Second Subpoenas.  The only reason the John Doe Lawsuit has remained "'stayed' *for nearly four years*" (Objections at 11), and the only reason Pandora had to serve Second Subpoenas three years after

the First Subpoenas, is because Respondents refused to produce information post-dating 2022 in response to the First Subpoenas, continued to acquire Pandora products while the First Motion to Compel was pending, and refused to produce current information reflecting their sources once the First Motion was resolved. Judge Lehrburger considered the Parties' briefing on this point, rejected Respondents' position, and also found the information in the Second Subpoenas to be relevant.

Additionally, despite Judge Lehrburger's admonition that Respondents "recycle[d] arguments from their opposition to the first motion to compel; namely, that Respondents' resale activity is lawful . . ." he had previously rejected, Respondents *again* attempt to convince this Court that, under the two *Gucci* cases Judge Lehrburger and this Court found unpersuasive in the First Motion to Compel, Pandora's discovery is a pretext for discouraging unauthorized resellers from selling its products. (Objections at 13.) Judge Lehrburger and this Court committed no error in rejecting Respondents' arguments and overruling their objections to the First Motion to Compel after reviewing the parties' briefing on the *Gucci* cases. This simple restatement of those arguments should be rejected.

      4.     *Respondents' non-*Alcon*-related relevance objections (Section E) ignore Judge Lehrburger's well-reasoned analysis and merely repeat their arguments in their Second Opposition.*

Respondents object that the time period in the Second Subpoenas is not relevant because the Complaint in the underlying John Doe Lawsuit is limited to sales occurring before the Complaint was filed. (Objections at 13-16.) As discussed in Section (B)(1), *infra*, much of Respondents' arguments about relevance are made under what they call the *Alcon* relevance test from *Alcon Vision, LLC v. Allied Vision Grp., Inc.*, No. 19 Misc. 384 (AT), 2019 U.S. Dist. LEXIS 152073 (S.D.N.Y. Sept. 6, 2019). All arguments relating to or relying on *Alcon* must be

10

disregarded because Respondents did not raise them or cite *Alcon* before Judge Lehrburger in their Second Opposition and have therefore waived those arguments. *See Morgan Art Found. Ltd. v. McKenzie*, No. 1:18-cv-04438 (JLR) (BCM), 2025 U.S. Dist. LEXIS 171573, *22 (S.D.N.Y. Sept. 3, 2025) (holding new arguments and factual assertions raised for first time in objections "may not be deemed objections at all").

Disregarding all *Alcon*-related arguments, the only relevance arguments that remain are mere restatements of Respondents' arguments in their Second Opposition, which warrant only clear error review. (Objections at 13-14.) In their Second Opposition, Respondents argued that the Second Subpoenas seek irrelevant information because the John Doe Lawsuit is limited to sales on Walmart and Walmart's suppliers, not other sources of diverted Pandora products. (Second Opp. at 4-5.) Judge Lehrburger rejected this argument, explaining the source information for the time period requested in the Second Subpoenas is relevant because Pandora's complaint "expressly encompasses 'Walmart and other Unauthorized Resellers.'" (Second R&R at 7.) Judge Lehrburger's Second R&R is well-reasoned on this point, and Respondents do no more than restate their Second Opposition arguments here, warranting only review for clear error. Indeed, Judge Lehrburger admonished Respondents for this practice:

> Respondents also recycle arguments from their opposition to the first motion to compel; namely, that Respondents' resale activity is lawful and that the Maryland Action is merely a pretext for Pandora to conduct "business surveillance." (Dkt. 43 at 8.) The Court previously rejected those arguments as a basis to deny compliance with the First Subpoenas and finds them no more persuasive here. (Dkt. 24 at 8-9.)

Respondents assert that Judge Lehrburger "overlooked" their arguments regarding the time period in the Second Subpoenas. (Objections at 4.) But Respondents have no basis for this, other than their displeasure that the Court agreed with Pandora. Respondents conveniently ignore—in their Second Opposition and again here—that Pandora's complaint encompasses conduct by

11

Authorized Dealers unlawfully selling Pandora products to anyone, Walmart or other unauthorized resellers.  (Second Motion at 8-9.)  Pandora quoted and cited multiple allegations in its John Doe Complaint supporting this point.  (*Id.*)  Judge Lehrburger did the same.  (Second R&R at 7.)  While Pandora and Judge Lehrburger relied on specific allegations in the Complaint, Respondents ignore the Complaint entirely.  There is no basis for a "definite and firm conviction" that Judge Lehrburger's reasoning was error.

**B.      Respondents' Objections That Were Not Raised to Judge Lehrburger in Their Second Opposition Should Be Disregarded.**

      *1.      Respondents' relevance arguments based on the* Alcon *case (Section E) should be disregarded.*

As discussed, most of Respondents' objections to the relevance of the Second Subpoenas are made under what they call the *Alcon* relevance test and must be disregarded because Respondents did not raise them or cite *Alcon* before Judge Lehrburger in their Second Opposition. *Morgan,* 2025 U.S. Dist. LEXIS 171573, at \*22.  Respondents only argued *Alcon* in briefing the First Motion to Compel.  Notably, Respondents **admit** they are using *Alcon* for a different purpose here than they did in the First Motion to Compel.  (Objections at 16 n. 6.)  In other words, Respondents know they did not give Judge Lehrburger the opportunity to consider any of their new *Alcon* arguments in their Second Opposition, but nonetheless ask this Court to do so in their Objections, which exceeds the proper scope of objections.  (*See* Order at 4 (holding that Judge Lehrburger considered Respondents' *Alcon* arguments, Respondents' arguments on *Alcon* in their First Objections were nothing more than an "effort to relitigate arguments previously raised," and there was no clear error in Judge Lehrburger's conclusion that "*Alcon*, an unpublished district court decision, is distinguishable")).

      *2.      Respondents' requests for relief against Pandora (pages 20-21 of their Objections) should be disregarded.*

For the first time, Respondents themselves request relief from this Court—that **_Pandora's_**
**_counsel_** disclose its use of Respondents' documents identifying source information and Pandora's
actions with any of those sources, that this information be discussed <u>publicly</u> during an oral
argument on the Second Motion, and that this Court preemptively prevent Pandora from serving
additional subpoenas.  (Objections at 20-21.)  Beyond being a bizarre, unwarranted request,
Respondents have waived this by failing to raise it in their Second Opposition.  Likewise,
Respondents waived their request for oral argument on the Second Motion.  *Prepaid Ventures,*
*Ltd. v. Compton*, No. 18-cv-2102 (DLI) (SJB), 2023 U.S. Dist. LEXIS 53363, *27 (E.D.N.Y.
March 28, 2023) (declining to consider requests for relief asserted for the first time in objections
to report and recommendation); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)
(explaining that "a district court generally should not entertain new grounds for relief or additional
legal arguments not presented to the magistrate" judge).  To be clear, Respondents have not
identified any valid basis for this relief, much less met the extremely high burden to invade the
province of the attorney-client privilege or the attorney work product privilege.  This request
should be disregarded out of hand.

The Court should likewise disregard Respondents request to preclude Pandora from serving
any additional subpoenas in the future.  This is, in essence, an improper request for an advisory
opinion about "subpoenas that are not before [the Court], though anticipated to be forthcoming
and similar to the ones presently before the Court," and should be rejected.  *See Struck v. Yida*
*GAO*, No. 2:22-cv-02415-SPG-MAA, 2023 U.S. Dist. LEXIS 111857, 31-32 (C.D. Cal. March
15, 2023); *Rivera v. Salomon Smith Barney, Inc.*, No. 01 Civ. 9282 (RWS), 2002 U.S. Dist. LEXIS
17877, *10 (S.D.N.Y. Sept. 20, 2002) (refusing to give "unwarranted advisory opinion with
respect to abstract and theoretical questions").  Respondents' game is clear:  delay in hopes of

13

procuring new sources it can avoid producing so it can continue to sell unauthorized Pandora products. Respondents have shown no error in the First or Second Subpoenas, there is no basis to prevent future subpoenas that do not yet exist, and the authority to grant or deny future subpoenas should lie with the Maryland Court. These requests should be disregarded as a matter of procedure because they were argued before Judge Lehrburger in the Second Opposition, but they are also extraordinarily prejudicial and baseless.

> 3. *Respondents' arguments regarding unrelated cases involving Pandora's counsel (Section F) should be disregarded.*

As support for their pretext arguments, in Section F, Respondents cite to two entirely different lawsuits involving different entities that happened to be filed by Pandora's counsel and involved subpoenas related to unauthorized sales of products on the internet, *Wahl Clipper Corp. v. FSJ Group LLC*, 24-mc-00473 (E.D.N.Y.) and *Ammex Corp. v. John Does 1-10*, 23 Civ. 01411 (W.D. Wash.). (Objections at 17-20.) Respondents claim the existence of these cases proves Pandora's John Doe Lawsuit was a pretext for serving third-party discovery and conducting "business surveillance." (Objections at 14-15.) Respondents are wrong for two reasons.

First, Respondents raised these pretext arguments to Judge Lehrburger and this Court in the First Motion to Compel, but **not** in the Second Motion to Compel. Therefore, this argument is waived as a matter of law. *See Morgan*, 2025 U.S. Dist. LEXIS 171573, at \*22; *Barkai v. Neuendorf*, No. 21-CV-4060 (KMK), 2024 U.S. Dist. LEXIS 29634, \*14 (S.D.N.Y. Feb. 21, 2024) (holding courts should only reconsider prior decisions in extraordinary circumstances); *Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 334 (S.D.N.Y. 2018) (holding courts may revisit prior decisions if there has been "an intervening change of controlling law, if new evidence has become available, or if revisiting a prior decision is needed to correct a clear error or prevent a manifest injustice").

Second, even if this Court were to consider the merits of the Objections in Section F, it should reject them, as both it and Judge Lehrburger did for the First Motion to Compel. All of Respondents "prextext" arguments are a transparent attempt to relitigate old issues on which it has already lost. Unhappy with this Court's prior decisions, Respondents apparently believe they can change the Court's mind by making speculative, inflammatory, *ad hominem* attacks against Pandora's counsel. In the First Motion to Compel, Respondents argued the John Doe Lawsuit was pretextual because Pandora had also filed two other John Doe lawsuits similar to it. In the First R&R, Judge Lehrburger identified multiple problems with this argument, including that they it was "rank speculation," that Pandora could have resolved those other John Doe lawsuits for any number of reasons, and that Pandora is entitled to trace the sales of its products by Authorized Dealers. (First R&R at 7-9.) This Court adopted that recommendation in full, further explaining that Respondents' references to the *Wahl* case did not show Pandora acted inappropriately, and their "criticisms of Pandora's litigation strategy [did] not demonstrate that Judge Lehrburger erred . . . ." (Order at 5 and n.3.) This matter has already been decided and Respondents raise no reason why the Court should rule differently this time around.

## IV.    CONCLUSION

For the reasons discussed above, Respondents' Objections to Magistrate Judge Lehrburger's November 18, 2025 Report and Recommendation should be rejected, and the Report and Recommendation should be adopted in full.

Date: December 17, 2025

Respectfully submitted,

**MINTZ & GOLD LLP**

*/s/ Barry M. Kazan*
Barry M. Kazan
600 Third Avenue

15

25th Floor
New York, NY 10016
Telephone: (212) 696-4848
Email: kazan@mintzandgold.com

*Attorneys for Movant Pandora Jewelry, LLC*

Of Counsel:

Martha Brewer Motley (OH Bar No. 0083788; *Pro Hac Vice*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-6360
Email: mbmotley@vorys.com

Emma K. Morehart (OH Bar No. 0098085; *Pro Hac Vice*)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202
Telephone: (513) 723-4036
Email: ekmorehart@vorys.com

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the word-count limitations pursuant to Local Civil Rule 7.1(c) and this Court's Individual Practices in Civil Cases III(D).  The foregoing brief contains 5,317 words of Times New Roman 12-point proportional type, excluding the caption, table of contents, table of authorities, signature blocks, and certificates.  I relied on the word processing software used to prepare this brief, Microsoft Word, for the word count.

*/s/ Barry M. Kazan*
Barry M. Kazan

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December, 2025, I caused Pandora Jewelry, LLC's Response to Respondents' Objections to Recommendation of Magistrate Judge to be filed and served on counsel of record through the District Court's CM/ECF system.

*/s/ Barry M. Kazan*
Barry M. Kazan

17