USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 10/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PANDORA JEWELRY, LLC,

Movant,

-against-

BLUE TIME, INC. and SOLAR TIME, INC.,

Respondents.

22 Misc. 238 (AT) (RWL)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

Before the Court are Blue Time, Inc. and Solar Time, Inc.'s (collectively, "Respondents") objections to an order issued by the Honorable Robert W. Lehrburger (the "R&R") granting Movant, Pandora Jewelry, LLC's ("Pandora"), second motion to compel compliance with certain subpoenas, which this Court stated it would treat as a report and recommendation. *See* Objs., ECF No. 51; R&R, ECF No. 48; Second Mot., ECF No. 36; *see also* Resp., ECF No. 55; Order, ECF No. 27 (order adopting first report and recommendation at ECF No. 24).

**BACKGROUND**

In 2021, Pandora, a jewelry manufacturer, learned some of its products were being sold "on the online marketplace www.walmart.com." *See* Resp. at 2; ECF No. 55 at 2. This was a surprise: Pandora maintains contracts with the "authorized sellers" to whom it sells its merchandise, and those contracts prohibit the authorized sellers from selling Pandora products to "unauthorized resellers"—of which Walmart is one. *Id.* at 2–3. Pandora filed a breach of contract lawsuit in the United States District Court for the District of Maryland (the "Maryland action"), asserting claims against unknown John Doe defendants, whom Pandora alleged were authorized sellers who had breached their contracts by participating in a "product diversion ring" in "Florida, New York, and California." *See* Maryland Compl., ¶¶ 2–5, ECF No. 4-1. Pandora alleged that the Doe defendants "have resold and continue to resell Pandora products to various [u]nauthorized [r]esellers," such as Walmart. *Id.* ¶¶ 18–19, 22–23.

Pandora identified Respondents as unauthorized resellers and suppliers of the Pandora products for sale on Walmart's website. Resp. at 2–3. With leave from the Maryland district court, Pandora served subpoenas (the "First Subpoenas") in 2022 on Respondents requesting production of certain information regarding the Respondents' purchase of Pandora products. *Id.* at 3; R&R at 2. Respondents objected, and Pandora filed a motion to compel in this Court, which was granted in February 2025. R&R at 1 n.1. Respondents then produced documents in March of 2025. *Id.* at 2.

The First Subpoenas—arising from the Maryland action and enforced by this Court—featured a return date of May 10, 2022, but requested that the information sought be produced "through the present." *Id.* The parties sharply disputed whether Respondents were required to produce documents through May 10, 2022, or February 2025. *Id.* Respondents only produced documents through May 10, 2022.

Pandora responded by moving the Maryland district court for leave to serve a second set of subpoenas (the "Second Subpoenas") with July 2025 return dates, which leave was granted. *Id.* at 2–3; Second Subpoenas at 2, 7, ECF No. 37-5. The Second Subpoenas only contained one document request, seeking material within the scope of the First Subpoenas as modified by this Court. *See* R&R at 3; Second Subpoenas at 6, 11.[1]

Pandora then moved this Court to compel compliance with the Second Subpoenas, which Respondents opposed. *See* Second Mot.; Mem. at 2–3, ECF No. 38; *see also* Opp., ECF No. 43. Judge Lehrburger recommended granting the motion, concluding that there was "no reason for this Court to second guess" the Maryland district court's decision to authorize the Second Subpoenas, and

[1] The Second Subpoenas do not seek sales records, but rather "all documents and information containing [c]ontact [i]nformation relating to [s]uppliers from whom [the Respondents] have purchased Pandora [p]roducts." Second Subpoenas at 6, 11; *cf.* Order at 2 (noting that the First Subpoenas requested information concerning "sales, records, invoices, account credits, or other documents").

that Respondents' remaining arguments were either moot or without merit given that they were largely "recycle[d]" from the briefing on Pandora's first motion to compel. R&R at 6–7.

**LEGAL STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

A proper objection to an R&R must be timely and specific. "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (quoting *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017)). Additionally, an objection "generally may not raise new arguments not previously made before the magistrate judge." *Id.* at 359. When a party properly objects to an R&R, the district court reviews those arguments *de novo*. *Id.* at 361.

**DISCUSSION**

Respondents raise several objections to Judge Lehrburger's R&R, which can be largely grouped into two sets of contentions: (1) Judge Lehrburger improperly deferred to the Maryland district court in analyzing the subpoenas and should have instead found that the subpoenas are not relevant and proportional to the Maryland action, *see* Objs. at 8–10, 13–17; (2) Judge Lehrburger

should have found that Pandora and its counsel are engaging in bad faith tactics by issuing the Second Subpoenas, *see id.* at 10–13, 17–21.

I. Deference to the Maryland District Court

Respondents' first set of objections concern whether Judge Lehrburger improperly deferred to the Maryland district court and whether, as a result, he correctly evaluated whether the Second Subpoenas were relevant and proportional to the needs of the Maryland action. *Id.* at 7–10. The Court reviews these objections *de novo*. Although Pandora urges that these objections "merely restate [Respondents'] arguments" from their briefing before Judge Lehrburger, *see* Second Mot. at 5, the Second Circuit has recently clarified that objections that repeat arguments made before a magistrate judge are entitled to *de novo* review, so long as those objections are not conclusory. *See Nambiar*, 158 F.4th at 360–61 ("When a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments *de novo*."). Moreover, although Respondents' arguments concerning deference are new, those arguments were not squarely at issue until Judge Lehrburger deferred to the Maryland district court, as Pandora did not argue for deference in its second motion to compel. *See* Second Mem., ECF No. 38. The Court, therefore, finds it proper to give those arguments full consideration.

The decision of the Maryland district court authorizing the Second Subpoenas is not entitled to deference under these circumstances. The Maryland district court's order contains no findings or reasoning concerning the second subpoenas' relevance to this action—it merely finds that "good cause" was shown for issuing them. *See* ECF No. 37-4 at 47. More importantly, Respondents, as non-parties to the Maryland action, had no meaningful opportunity to contest Pandora's representations in that forum. The Federal Rules of Civil Procedure 45(d)(1) and (3) state that the "court for the district where compliance is required" must ensure that an issuing party does not subject another party to undue burden and must also quash a subpoena that imposes an undue burden.

Objs. at 7–8. The plain text of Rules 45(d)(1) and (3) imply that this Court must evaluate Respondents' relevancy and proportionality arguments on their merits, and Pandora does not cite to any case in this circuit holding otherwise. *See* Resp. at 7–9.[2]

Accordingly, the Court turns to the standard for evaluating a Rule 45 subpoena. "A Rule 45 subpoena—like all discovery—must fit within the scope of discovery permitted in a civil case," and must target material that is "relevant" to any party's claim or defense and "proportional" to the needs of the case. *Allstate Ins. Co. v. All Cnty., LLC*, No. 19 Civ. 7121, 2020 WL 5668956, at *1 (E.D.N.Y. Sept. 22, 2020) (citing Fed. R. Civ. P. 26(b)(1); *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011)). Courts in this Circuit evaluate a Rule 45 subpoena by the same "relevancy and proportionality guidelines of Rule 26" of the Federal Rules of Civil Procedure. *See Delta Air Lines, Inc. v. Lightstone Grp., LLC,* No. 21 Misc. 374, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021) (citation omitted); *see also* First R& R at 5–6, ECF No. 24 (delineating the standard).

Evaluating Respondents' arguments on their merits, the Court concludes that the Second Subpoenas do not impose an undue burden. First, the Second Subpoenas do not impose the same burdens as the First Subpoenas—they in fact narrow their request to only ask Respondents to produce documents and information reflecting "contact information" of businesses which have supplied them Pandora products, and do not request sales records. *See supra* n.1. This is meaningful: although the First Subpoenas requests for "sales records" and "invoices" would require Respondents to reveal detailed and sensitive information concerning their business practices, a request only for documents containing "contact information" is much narrower. *See* First Subpoenas at 6, 11, ECF No. 4-4.

[2] Respondents characterize Pandora's motion before the Maryland district court as "misleading," Objs. at 9, but the Court disagrees. There is nothing misleading about Pandora's representation that the allegedly "stale" production, which ran only through May 2022, did not help it identify present breaches by the Doe defendants, and although the Court takes no position on whether Respondents were required to produce documents through 2025 under the first subpoenas, Pandora's position in the Maryland district court is nonfrivolous and aligns with the position it has consistently held in this action regarding the scope of those subpoenas. *See* Objs. at 9–10 (faulting Pandora for claiming that Respondents had "failed to fully comply" with the first subpoenas).

Second, Pandora has demonstrated that the Second Subpoenas remain relevant and proportional to the needs of the Maryland action. That action alleges that the Doe defendants "have resold and continue to resell Pandora products to various [u]nauthorized [r]esellers," including, but not limited to, Walmart. Maryland Compl. ¶ 19. It further explains that in diversion rings, like those alleged in the Maryland action, breaching defendants "go to great lengths to hide their identities to avoid being detected." *Id.* ¶ 26. The passage of time does not render the information sought irrelevant to these allegations—updated contact information for Respondents' suppliers from 2022 through 2025, could continue to assist Pandora in identifying the dealers that are diverting products in the "large quantit[ies]" alleged in the Maryland action. *Id.* ¶ 23.

In making this holding, the Court does not, and need not, rely on Pandora's assertion that its "investigation" indicates that Respondents have "continued to acquire and resell" Pandora products, which was not supported by any documentary evidence submitted to the Court. *See* Mottley Decl. ¶ 5, ECF No. 37. The Court, likewise, cautions Pandora that it may require a more fulsome showing of relevance if a further set of subpoenas is subject to dispute in this matter.

II. Remaining Objections

Next, Respondents argue that the R&R "overlooked" the fact that Respondents previously responded to the First Subpoenas. Objs. at 3. Reviewing this objection *de novo* the Court concludes that it is irrelevant to the question at hand. In deciding whether to compel compliance with the Second Subpoenas, the Court considers whether the Second Subpoenas themselves impose an undue or unreasonable burden, *see supra* at 5 (discussing the Rule 45 subpoena standard). The mere fact that Respondents previously replied to another set of subpoenas covering a different time period does not indicate that the Second Subpoenas are unreasonable.

Lastly, Respondents make a set of arguments that Pandora is using this action to constantly issue subpoenas for the purpose of "business surveillance and harassment." *See* Objs. at 4.

Reviewing this objection *de novo*, the Court disagrees. Pandora persuasively argues that it issued the Second Subpoenas only because the information produced by the First Subpoenas was approximately three years old by the time it was produced. *See* Resp. at 3–4. And Pandora emphasized in the Maryland complaint that "product diverters . . . go to great lengths to hide their identities to avoid being detected," Maryland Compl. ¶ 26, which renders updated information important for identification. The Court further finds that the record does not indicate that Pandora abused the Maryland district court's powers in requesting leave to serve the Second Subpoenas, *see* Resp. at 6–9, and the Court will not fault Pandora for the length of time required to resolve the parties' dispute concerning the scope of the First Subpoenas, *see id.* at 9–10.

Furthermore, the Court overrules Respondents' objection that the R&R overlooked evidence of misconduct by Pandora's counsel. First, the arguments raised in the objections concerning cases brought in districts outside of Maryland were not raised before Judge Lehrburger in the briefing on the second motion to compel, and so should only be accorded clear error review. *Compare* Objs. at 17–21, *with* Opp. at 9–15. The Court finds that Judge Lehrburger's R&R did not commit clear error in not addressing out-of-district cases which were not raised by Respondents in their briefing. Second, the Court will not cast aspersions on Pandora's actions in this case merely because Pandora's law firm has filed other lawsuits in various district courts that were later dismissed, as a party may dismiss an action for many reasons—including, notably, out-of-court settlement. *See* Objs. at 17–19; *cf. Bloomfield Inv. Res. Corp. v. Daniloff*, No. 17 Civ. 4181, 2024 WL 706965, at *5 (S.D.N.Y. Feb. 21, 2024) (discussing courts' responsibility to encourage settlement).

To the extent that Respondents may have raised other objections to Judge Lehburger's R&R, the Court has considered those objections and determines them to be without merit. Likewise, the Court has reviewed the remainder of Judge Lehrburger's R&R for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Court overrules Respondents' objections and ADOPTS the R&R. **Within 14 days of the date of this Order**, Respondents shall produce documents responsive to the Second Subpoenas through July 21, 2025.

SO ORDERED.

Dated: October 22, 2026
New York, New York

ANALISA TORRES
United States District Judge